# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MAURICE JONES, | : | CIVIL ACTION NO. |
| BOP Reg. # 25993-001, | : | 1:14-CV-02666-RWS-JCF |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FEDERAL BUREAU OF PRISONS, | : | PRISONER CIVIL ACTION |
| ATTORNEY GEN. ERIC HOLDER, | : | 28 U.S.C. § 1331 |
|     Defendants. | : | |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

On August 18, 2014, Plaintiff's 28 U.S.C. § 2241 habeas corpus petition was entered on the docket of this action. (Doc. 1). Plaintiff named only the Federal Bureau of Prisons ("BOP") as a Defendant. (*Id.*). The Court directed the Clerk to convert this action into one in which Plaintiff is seeking relief under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and ordered Plaintiff to file an amended complaint naming at least one individual defendant amenable to suit under *Bivens*, as the BOP is not such a defendant. (Doc. 3). Plaintiff has paid his filing fees in full. His amended complaint (Doc. 4) was docketed on September 23, 2014, and this matter is now ready for an initial screening.

**I.**     **The Legal Framework**

To state a claim for relief under *Bivens*, a plaintiff must allege that a federal agent, by act or omission under color of federal authority, deprived him of a right, privilege or immunity secured by the Constitution of the United States. *See Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990); *see also Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (setting forth similar requirements for 42 U.S.C. § 1983 claim against person acting under color of state law); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (noting that "as a general matter federal courts incorporate § 1983 law into *Bivens* actions").

Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success"—for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint must "contain sufficient

2

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

## II. The Complaints

In his amended complaint, Plaintiff sues only the BOP and Attorney General Eric Holder. (Doc. 4). He alleges that he injured his knee playing basketball on March 25, 2010, while confined in federal prison, and that after several visits to orthopedic surgeons, he agreed to the recommended surgery, but he "was denied [the surgery] until the injury was unrepairable [sic]." (*Id.* at 3). Plaintiff contends that as a result of the "intentional neglect" of his medical needs, Dr. Earnesto M. Gapasin stated on or about December 12, 2012, "[Plaintiff] is two and a half years out now from his injury and it is highly unlikely that this quadricep mechanism will be mobile." (*Id.* (internal quotations omitted)). On January 11, 2013, Dr. Gapasin stated, "I don't have a surgical treatment for this patient. Nobody here in the Springfield, Missouri area is willing, or able, to help this gentleman." (*Id.* (internal quotations omitted)). Plaintiff notes that his "first medical recommendation by . . . Dr. S. Villaion, MD Official FCC Clinic Director, Oakdale," was "to obtain permission for the surgery." (*Id.* at 4).

Plaintiff alleges that he has lost 80% mobility in his left leg and with it the opportunity to earn over $100,000 annually as a truck driver. (*Id.*). He seeks 3 million

3

AO 72A
(Rev.8/82)

United States Dollars to cover his lost future earnings and his past, present and future pain and suffering. He also asks that his sentence be reduced due to his pain and suffering and the steady diet of pain pills he has received from the BOP. (*Id.*).

Based on the allegations in his original and amended complaint, it is apparent that Plaintiff was injured on March 25, 2010 while detained at the Federal Correctional Complex ("FCC") in Oakdale, Louisiana, and that he was housed either there or at the Medical Center for Federal Prisoners ("MCFP") in Springfield, Missouri until at least January 2013. (*See* Doc. 1 at 9-19; Doc. 4 at 3-4). Plaintiff's only mention of the Federal Prison Camp in Atlanta, where he is currently detained, concerns his fall and injury on November 13, 2013. (Doc. 1 at 19-20).

### III. Discussion

Because Plaintiff may not sue the BOP directly, the Court previously ordered him to file an amended complaint to name at least one defendant who is amenable to suit in this action. (Doc. 3); *see FDIC v. Meyer*, 510 U.S. 471, 486 (1994) ("a damages remedy against federal agencies would be inappropriate even if such a remedy were consistent with *Bivens*"); *Brown v. Pastrana*, 446 Fed. Appx. 270, 271 n.2 (11th Cir. 2011) ("The BOP is not a proper party, as only individuals can be sued under *Bivens*."); *Nalls v. Coleman Low Fed. Inst.*, 307 Fed. Appx. 296, 298 (11th Cir. 2009)

4

(a "district court lack[s] subject matter jurisdiction over . . . claims against the Bureau of Prisons because *Bivens* does not extend to federal agencies"). Plaintiff nevertheless has again sued the BOP, adding only Attorney General Eric Holder as an individual defendant.

But Plaintiff has not alleged a single act or failure to act attributable to Attorney General Holder that might render Holder potentially liable to Plaintiff. Instructive in this regard is *Iqbal*, in which a Muslim—arrested and detained following the September 11, 2001 terror attacks—alleged that his constitutional rights were violated by his arrest and subsequent treatment. *Iqbal*, 556 U.S. at 666-68. He sued Attorney General Ashcroft, although he did not allege that Ashcroft was personally involved in his arrest or confinement. He alleged instead that Ashcroft was the "principal architect" of a discriminatory policy for the roundup and detention of Muslims, and Ashcroft "knew of, condoned, and willfully and maliciously agreed to subject" him and others to unconstitutionally "harsh conditions of confinement." *Id.* at 669. The Supreme Court stated that "[t]hese bare assertions . . . amount to nothing more than a formulaic recitation of the elements of a constitutional discrimination claim." *Id.* at 681 (internal quotations omitted). "[I]t is the conclusory nature of [the] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption

5

of truth." *Id.*; *see id.* at 687 (concluding that plaintiff's "complaint fails to plead sufficient facts to state a claim").

Here, Plaintiff has failed to plead *any* facts to state a claim against Attorney General Holder. Because he cannot sue the BOP and he has not stated a plausible claim against the Attorney General, who are the only two named Defendants, this action should be dismissed.[1]

## IV. Conclusion

**IT IS RECOMMENDED** that this action be dismissed for failure to state a claim for relief. 28 U.S.C. § 1915A.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO RECOMMENDED** this 27th day of October, 2014.

      /s/ *J. CLAY FULLER*
      J. CLAY FULLER
      United States Magistrate Judge

---

[1] It is also apparent that to the extent that Plaintiff has a claim for relief at all, that claim involves no act or failure to act by any potential defendant within the jurisdiction of this Court. The events about which Plaintiff complains occurred long before he was transferred to the Federal Prison Camp in Atlanta.

AO 72A
(Rev.8/82)