IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAURICE JONES, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :   CIVIL ACTION NO. |
| | :   1:14-CV-2666-RWS |
| FEDERAL BUREAU OF | : |
| PRISONS, | : |
| | : |
|     Defendant. | : |

**ORDER**

On October 27, 2014, Magistrate Judge J. Clay Fuller issued a Report and Recommendation ("R&R") [5] in which he recommended that this action be dismissed for failure to state a claim for relief. After reviewing the entire record, the Court enters the following Order.

Plaintiff originally brought this action naming only the Federal Bureau of Prisons ("BOP") as a defendant. This case was entered on the docket as a 28 U.S.C. § 2241 habeas corpus petition. Judge Fuller issued an Order [3] directing the Clerk to convert the case to a civil rights action brought under the authority of Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,

AO 72A
(Rev.8/82)

403 U.S. 388 (1971). Judge Fuller also ordered Plaintiff to file an amended complaint naming at least one defendant who is amenable to suit in this action. On September 23, 2014, Plaintiff filed an Amended Complaint [4] which was submitted to Judge Fuller for review pursuant to 28 U.S.C. § 1915A. As a result of that review, Judge Fuller issued the Report and Recommendation that is presently before the Court for consideration. Plaintiff filed Objections [7] to the R&R in which he sets out facts in addition to those alleged in the original and amended Complaints. The Court has considered the allegations in all three of these documents for purposes of this Order.

In the Amended Complaint, Plaintiff sues only the BOP and Attorney General Eric Holder. He alleges that he injured his knee playing basketball on March 25, 2010 while detained at the Federal Correctional Complex in Oakdale, Louisiana. He recounts his medical history following that injury. He was initially taken to the Rapides Regional Hospital Emergency Department which recommended that he be referred to an orthopedic doctor. On April 7, 2010, Plaintiff saw Dr. Salvador Villalon who requested orthopedic surgery for Plaintiff for a left knee patellar tendon rupture. On May 4, 2010, Plaintiff went to Orthopaedic & Sports Medicine Specialists in Alexandria, Louisiana where

he was admitted. The records show that according to his treatment plan, Plaintiff's prison facility was to be contacted to obtain permission for the surgery and transportation services. The records reflect that Plaintiff had given his consent for the surgery. Plaintiff returned to the Bureau of Prisons under the care of Dr. Salvador Villalon. The surgery was scheduled for August 2, 2010. However, on July 30, 2010, Plaintiff was advised that the doctor would not proceed with the surgery because there had been so much delay that it was too late for the surgery to be performed.

The R&R points out that Plaintiff may not sue the BOP directly and thus, the only named defendant in the case is Attorney General Holder. However, Plaintiff has failed to allege a single act or failure to act attributable to Attorney General Holder that might render him potentially liable to Plaintiff. Therefore, it is recommended that the action be dismissed for failure to state a claim for relief.

In his Objections, Plaintiff states the full history of his case for the first time. While one might arguably discern a potential defendant by reviewing the entire medical history, Plaintiff fails to specifically identify such a defendant. Moreover, based upon Plaintiff's own allegations, he knew by July 30, 2010

3

that he would not be able to have surgery due to the failure of the BOP officials to timely schedule the surgery. Thus, he was on notice of his claim by that date.

The statute of limitations begins to run when the cause of action accrues. Ubow v. Reno, 141 F.3d 1000, 1002 (11th Cir. 1998). Although the limitations period is borrowed from state law, accrual of a cause of action under Bivens is determined as a matter of federal law. See Kelly v. Serna, 87 F.3d 1235, 1238-39 (11th Cir. 1996) (accrual of Section 1983 claim is a matter of federal law). Under the federal "discovery rule," a claim accrues when the injured party knew or should have known both (1) that he has suffered the injury which forms the basis of his complaint and (2) who inflicted that injury. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2004). The statute of limitations clock begins to run when "the facts which support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Rozar v. Mullis, 85 F.3d 556, 561-62 (11th Cir. 1996). In Georgia, a two-year statute of limitations applies to Bivens' actions. Mullinax v. McElhenney, 817 F.2d 711, 716 n.2 (11th Cir. 1987). The statute of limitations under Louisiana law is one year. Elzy v. Roberson, 866 F.2d 793, 794 (5th Cir. 1989). Thus, it

4

appears that even if Plaintiff had properly identified a defendant, the statute of limitations would have run on his claim.

The R&R [5] is received with approval and adopted as the Opinion and Order of this Court. For the reasons stated therein, as well as the apparent running of the statute of limitations, this action is hereby **DISMISSED**.

**SO ORDERED**, this   10th   day of December, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE